UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GEORGERICK GEVONTAY
VARSIANNA,

        Plaintiff,

v.

        Case No. 3:21-cv-818-MMH-MCR

JOHN GODWIN, et al.,

        Defendants.

## ORDER

Plaintiff Georgerick Gevontay Varsianna, an inmate of the Florida penal system, initiated this action on August 24, 2021, by filing a pro se Complaint (Doc. 1) with an attachment (Doc. 1-1).[1] In the Complaint, Varsianna names the following Defendants: (1) Warden John Godwin; (2) Colonel William Billingsly, Chief of Security; (3) Major Michael Kelly; (4) Sergeant Sherman; (5) Officer Karamalengos; (6) Sergeant Bostic; and (7) Officer McKenzie. He asserts that Defendants withheld his personal property when he was

---

[1] For all referenced documents, the Court cites to the document and page numbers as assigned by the Court's Electronic Case Filing System.

transferred to another penal facility on April 26, 2021. As relief, he seeks monetary damages or the return of his personal property.

The Prison Litigation Reform Act requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief.[2] See 28 U.S.C. §§ 1915(e)(2)(B); 1915A. "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328).

---

[2] Varsianna has neither paid the filing fee nor filed an application to proceed as a pauper. As such, for purposes of the Court's required screening, the Court will assume Varsianna intends to proceed as a pauper.

Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id. As to whether a complaint "fails to state a claim on which relief may be granted," the language of the Prison Litigation Reform Act mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[3] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, the Eleventh Circuit "requires proof of an

---

[3] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation" in § 1983 cases. Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted). More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. See L.S.T., Inc., v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); Fullman v. Graddick, 739 F.2d 553, 556 57 (11th Cir. 1984). As such, "'conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal.'" Rehberger v. Henry Cnty., Ga., 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (citation omitted). In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the Complaint, the Court must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham, 654 F.3d at 1175. And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Alford v. Consol. Gov't of Columbus, Ga., 438 F. App'x 837,

4

839 (11th Cir. 2011) (quoting GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), overruled in part on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010)); Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017).

Additionally, a complaint must include a short and plain statement of the claim showing that the plaintiff is entitled to relief. Fed. R. Civil P. 8(a)(2). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Indeed, a complaint is insufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007)). A plaintiff must allege sufficient facts "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Plaintiff's Complaint is subject to dismissal under this Court's screening obligation because he fails to state a claim to relief that is plausible on its face. Varsianna asserts that Defendants McKenzie and Bostic inventoried his property in late October 2020, when Varsianna was taken to confinement pending an investigation. See Doc. 1-1 at 4. He describes his personal property as stationary items, papers, photographs, a radio, earbuds, perishable canteen

items, prescription glasses, a cup, a bowl, underwear, and an electric razor. See id. He states that Defendants Karamalengos and Sherman are responsible for property stored at Columbia Correctional Institution's Annex. See id. According to Varsianna, the Florida Department of Corrections (FDOC) transported him without his property to Union Correctional Institution (UCI) on April 26, 2021. See id. He states that the FDOC told him and his family that it would forward his property, however, he still does not have his property. See Doc. 1 at 7. Varsianna states that he wrote emails and asked for the return of his property via the grievance process, however, Defendants have failed to forward his property to UCI. See Doc. 1-1 at 4.

Defendants' conduct, as Varsianna describes, does not amount to a federal constitutional violation. A negligent or intentional deprivation of personal property does not constitute a Fourteenth Amendment due process violation if a meaningful post-deprivation remedy for the loss is available. Hudson v. Palmer, 468 U.S. 517, 533 (1984). For a property deprivation, Varsianna has an available, adequate post-deprivation remedy under state law. Under Florida law, Varsianna can sue the officers for theft or conversion of his personal property. See Fla. Stat. § 772.11(1); see also Case v. Eslinger, 555 F.3d 1317, 1331 (11th Cir. 2009) (recognizing Florida's civil cause of action for conversion provides an adequate post-deprivation remedy when law

6

enforcement officers seize or retain personal property). Additionally, Varsianna may contact his classification officer to inquire about the return of his property.

In light of the foregoing, this case will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly, it is now

**ORDERED AND ADJUDGED**:

1. This case is hereby **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Clerk shall enter judgment dismissing this case without prejudice, terminating any pending motions, and closing the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of September, 2021.

MARCIA MORALES HOWARD
United States District Judge

Jax-1 9/8
c:
Georgerick Gevontay Varsianna, # H31330